IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

CASE NUMBER:

JOHN DIXON
7909 Crisford Place
Apt. G
Pikesville, Maryland 21208

And

JOHN DIXON To The Use Of
B& H Trucking
1000 Old Philadelphia Road
Aberdeen, Maryland 21001

And

JOHN DIXON To The Use Of
VANLINER INSURANCE CO.
9115 Guilford Road, Suite 200
Columbia, Maryland 21046
PLAINTIFFS

VS.

SAFEWAY, INC.
Fourth and Jackson Streets
Oakland, CA 94660
Serve On: Resident Agent
The United States Corporation Company
7 St. Paul Street, Suite 1660
Baltimore, Maryland 21202
DEFENDANT

## COMPLAINT

Now comes John Dixon, Individually and t/u/o B & H Trucking and t/u/o Vanliner Insurance Company, Plaintiff by and through their counsel Phillip C. Levin, Esq. and the Law Office of Phillip Corey Levin, P.A., sues Defendant Safeway, Inc., and in support of this suit states:

## COUNT I

John Dixon, Individually, Plaintiff, sues Defendant Safeway, Inc. and says:

1. That on January 26, 2010, Defendant Safeway, Inc. was a corporation doing business as a grocery store and company in the State of Maryland and operating as a Maryland Corporation.

2. That Defendant Safeway, Inc., owns, rents, leases and/or operates a store with its corporate name, Safeway, Inc. and has a location at 5660 Baltimore National Pike, Baltimore, Maryland 21228 and that said Defendant Safeway, Inc. conducts regular business at this location, which is in Baltimore County, Maryland.

3. That Defendant Safeway, Inc. has a delivery entrance for vehicles that are business invitees and are contracted to deliver goods to the Defendant on a regular basis.

4. That on January 26, 2010, Plaintiff was lawfully delivering goods as part of his employment to Defendant Safeway, Inc., at 5660 Baltimore National Pike, Baltimore, Maryland 21228.

5. That Defendant Safeway, Inc. invited Plaintiff John Dixon to enter Defendant's premises in an effort to deliver goods to the Defendant.

6. Defendant Safeway, Inc., by its agents, servants, employees, and assigns instructed Plaintiff where to park his delivery vehicle and where the goods and merchandise could be brought into Defendant's business.

7. Defendant Safeway, Inc.'s agent, servant, employee and assign expressly and verbally told the Plaintiff that the only door available to the Plaintiff and for the Plaintiff to deliver the Defendant's goods was through a broken door. Defendant's agent, servant, employee and assign instructed the Plaintiff to use the door with the Defendant on notice that the door was malfunctioning and not in good nor proper working order.

8. That Plaintiff was a lawful employee of B & H Trucking which was contracted with the Defendant to make such a delivery to the Defendant Safeway, Inc.

9. That Defendant's agent, servant, employee and assign was acting on behalf of the Defendant as a receiver on the Defendant's premises which lawfully invited the Plaintiff onto the Defendant's loading dock and premises. During the course of the Plaintiff's business with the Defendant, the Defendant's heavy dock door which is part of the Defendant's building violently broke free causing the Plaintiff to forcefully fall and become injured on the dock floor.

10. That Defendant Safeway, Inc., is responsible for the care and maintenance of the premises which includes the dock area, the doors, the entry ways and the entire premises where the Plaintiff became injured.

11. That the Defendant Safeway, Inc. negligently maintained the dock and door area Knowing that it was reasonable the door would fall on the Plaintiff and such a negligent act was foreseeable to cause the Plaintiff injury.

12. Defendant Safeway, Inc. negligently failed to maintain the door in good working order and Defendant breached its duty of care owed to the Plaintiff by not posting the proper notice to anyone that the door was dangerous and that the Defendant allowed, enticed and encouraged the Plaintiff to use the entrance for which the door operated; and allowed the Plaintiff in the door opening despite the Defendant knowing that the

      door was malfunctioning. Defendant's knowledge that the door was a dangerous condition was negligent and the proximate cause of the Plaintiff suffering serious injury.

13. As a result of the Defendant's negligent acts, Plaintiff was hit by the door and he injured his right shoulder, his back, his right arm, and his neck.

14. That Plaintiff John Dixon relied to his detriment that the Defendant's agent, servant, employee and assign's assurances that despite the door being broken Plaintiff could deliver the goods without any threat of harm or injury. Plaintiff relied on Defendant's assurances and Plaintiff had no reason to assume any risk of injury nor did the Plaintiff contribute to the door falling, malfunctioning; and the Plaintiff did not in any way contribute to his own injuries. Plaintiff was not in any way negligent.

15. That as a result thereof, the Plaintiff was caused to be seriously, painfully, and Permanently injured in and about his right shoulder, his right arm his back, and his neck. Plaintiff has suffered serious and painful injuries to his body and nervous system.

16. That as a result of the Defendant's negligent act of allowing the door to fall on the Plaintiff, the Plaintiff was caused to undergo extensive medical treatment, surgery as well as medical care for the said injuries. Plaintiff will and in the future be required to receive considerable future medical care and treatment.

17. That as a result of the doors failure and falling on the Plaintiff, the Plaintiff was otherwise injured and damaged which caused the Plaintiff great pain, suffering and damages.

18. Plaintiff further alleges that all of his injuries damages and losses, past, present and Prospective were caused solely by the negligence of the Defendant without any negligence of the Defendant without any negligence or want of due care on the part of the plaintiff directly or indirectly contributing thereto.

      WHEREFORE, this suit is brought against the Defendant and this Plaintiff John Dixon, Individually claims damages in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) from the Defendant Safeway, Inc.

## COUNT II

The Plaintiff hereby incorporates all paragraphs 1 through 17 of his Complaint as stated in Count I and he hereby adopts such allegations into this Count II of his Complaint and he continues to state Plaintiff John Dixon, Individually and t/u/o B& H Trucking sues Defendant Safeway, Inc.:

19. That on January 26, 2010, Defendant Safeway, Inc. was a corporation doing business as a grocery store and company in the State of Maryland and operating as a Maryland Corporation.

20. That Defendant Safeway, Inc., owns, rents, leases and/or operates a store with its corporate name, Safeway, Inc. and has a location at 5660 Baltimore National Pike, Baltimore, Maryland 21228 and that said Defendant Safeway, Inc. conducts regular business at this location that is in Baltimore County, Maryland.

21. That Defendant Safeway, Inc. has a delivery entrance for vehicles that are business invitees and are contracted to deliver goods to the Defendant on a regular basis.

22. That on January 26, 2010, Plaintiff was lawfully delivering goods as part of his employment to Defendant Safeway, Inc. at 5660 Baltimore National Pike, Baltimore, Maryland 21228.

23. That Defendant Safeway, Inc. invited Plaintiff John Dixon to enter Defendant's premises in an effort to deliver goods to the Defendant.

24. Defendant Safeway, Inc., by its agents, servants, employees, and assigns instructed Plaintiff where to park his delivery vehicle and where the goods and merchandise could be brought into Defendant's business.

25. Defendant Safeway, Inc.'s agent, servant, employee and assign expressly and verbally told the Plaintiff that the only door available to the Plaintiff and for the Plaintiff to deliver the Defendant's goods was through a broken door. Defendant's agent, servant, employee and assign instructed the Plaintiff to use the door with the Defendant on notice that the door was malfunctioning and not in good nor proper working order.

26. That Plaintiff was a lawful employee of B & H Trucking which was contracted with the Defendant to make such a delivery to the Defendant Safeway, Inc.

27. That Defendant's agent, servant, employee and assign was acting on behalf of the Defendant as a receiver on the Defendant's premises which lawfully invited the Plaintiff onto the Defendant's loading dock and premises. During the course of the Plaintiff's business with the Defendant, the Defendant's heavy dock door which is part of the Defendant's building violently broke free causing the Plaintiff to forcefully fall and become injured on the dock floor.

28. That Defendant Safeway, Inc., is responsible for the care and maintenance of the premises, which includes the dock area, the doors, the entryways and the entire premises where the Plaintiff became injured.

29. That the Defendant Safeway, Inc. negligently maintained the dock and door area Knowing that it was reasonable the door would fall on the Plaintiff and such a negligent act was foreseeable to cause the Plaintiff injury.

30. Defendant Safeway, Inc. negligently failed to maintain the door in good working order and Defendant breached its duty of care owed to the Plaintiff by not posting the proper notice to anyone that the door was dangerous and that the Defendant allowed, enticed and encouraged the Plaintiff to use the entrance for which the door operated; and allowed the Plaintiff in the door opening despite the Defendant knowing that the door was malfunctioning. Defendant's knowledge that the door was a dangerous condition was

negligent and the proximate cause of the Plaintiff suffering serious injury.

31. As a result of the Defendant's negligent acts, Plaintiff was hit by the door and he injured his right shoulder, his back, his right arm, and his neck.

32. That Plaintiff John Dixon relied to his detriment that the Defendant's agent, servant, employee and assign's assurances that despite the door being broken Plaintiff could deliver the goods without any threat of harm or injury. Plaintiff relied on Defendant's assurances and Plaintiff had no reason to assume any risk of injury nor did the Plaintiff contribute to the door falling, malfunctioning; and the Plaintiff did not in any way contribute to his own injuries. Plaintiff was not in any way negligent.

33. That as a result thereof, the Plaintiff was caused to be seriously, painfully, and Permanently injured in and about his right shoulder, his right arm his back, and his neck. Plaintiff has suffered serious and painful injuries to his body and nervous system.

34. That as a result of the Defendant's negligent act of allowing the door to fall on the Plaintiff, the Plaintiff was caused to undergo extensive medical treatment, surgery as well as medical care for the said injuries. Plaintiff will and in the future be required to receive considerable future medical care and treatment.

35. That as a result of the doors failure and falling on the Plaintiff, the Plaintiff was otherwise injured and damaged which caused the Plaintiff great pain, suffering and damages.

36. Plaintiff further alleges that all of his injuries damages and losses, past, present and Prospective were caused solely by the negligence of the Defendant without any negligence of the Defendant without any negligence or want of due care on the part of the plaintiff directly or indirectly contributing thereto.

37. That the Defendant had or should have had notice of the dangerous condition.

38. Plaintiff at the time of the occurrence was working in the course of his employment for the B & H Trucking company and as a result of the injuries described herein, the Plaintiff filed a Maryland Workers' Compensation Claim and was paid certain monies pursuant to said claim.

39. That the Plaintiff's employer was insured by Vanliner Insurance Company and therefore joins in this case as a Use-Plaintiff, pursuant to Labor and Employment Article 9-902 of the Annotated Code of Maryland, to enforce its subrogation rights.

WHEREFORE, this suit is brought against the Defendant and this Plaintiff John Dixon, Individually and t/u/o B& H Trucking claims damages in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) from the Defendant Safeway, Inc.

## COUNT III

The Plaintiff hereby incorporates all paragraphs 1 through 39 of his Complaint as stated in Counts I and II and he hereby adopts such allegations into this Count III of his Complaint and he continues to state Plaintiff John Dixon, Individually and t/u/o Vanliner Insurance Company sues Defendant Safeway, Inc.:

40. That on January 26, 2010, Defendant Safeway, Inc. was a corporation doing business as a grocery store and company in the State of Maryland and operating as a Maryland Corporation.

41. That Defendant Safeway, Inc., owns, rents, leases and/or operates a store with its corporate name, Safeway, Inc. and has a location at 5660 Baltimore National Pike, Baltimore, Maryland 21228 and that said Defendant Safeway, Inc. conducts regular business at this location that is in Baltimore County, Maryland.

42. That Defendant Safeway, Inc. has a delivery entrance for vehicles that are business invitees and are contracted to deliver goods to the Defendant on a regular basis.

43. That on January 26, 2010, Plaintiff was lawfully delivering goods as part of his employment to Defendant Safeway, Inc. at 5660 Baltimore National Pike, Baltimore, Maryland 21228.

44. That Defendant Safeway, Inc. invited Plaintiff John Dixon to enter Defendant's premises in an effort to deliver goods to the Defendant.

45. Defendant Safeway, Inc., by its agents, servants, employees, and assigns instructed Plaintiff where to park his delivery vehicle and where the goods and merchandise could be brought into Defendant's business.

46. Defendant Safeway, Inc.'s agent, servant, employee and assign expressly and verbally told the Plaintiff that the only door available to the Plaintiff and for the Plaintiff to deliver the Defendant's goods was through a broken door. Defendant's agent, servant, employee and assign instructed the Plaintiff to use the door with the Defendant on notice that the door was malfunctioning and not in good nor proper working order.

47. That Plaintiff was a lawful employee of B & H Trucking which was contracted with the Defendant to make such a delivery to the Defendant Safeway, Inc.

48. That Defendant's agent, servant, employee and assign was acting on behalf of the Defendant as a receiver on the Defendant's premises which lawfully invited the Plaintiff onto the Defendant's loading dock and premises. During the course of the Plaintiff's business with the Defendant, the Defendant's heavy dock door which is part of the Defendant's building violently broke free causing the Plaintiff to forcefully fall and become injured on the dock floor.

49. That Defendant Safeway, Inc., is responsible for the care and maintenance of the premises, which includes the dock area, the doors, the entryways and the entire premises where the Plaintiff became injured.

50. That the Defendant Safeway, Inc. negligently maintained the dock and door area Knowing that it was reasonable the door would fall on the Plaintiff and such a negligent act was foreseeable to cause the Plaintiff injury.

51. Defendant Safeway, Inc. negligently failed to maintain the door in good working order and Defendant breached its duty of care owed to the Plaintiff by not posting the proper notice to anyone that the door was dangerous and that the Defendant allowed, enticed and encouraged the Plaintiff to use the entrance for which the door operated; and allowed the Plaintiff in the door opening despite the Defendant knowing that the door was malfunctioning. Defendant's knowledge that the door was a dangerous condition was negligent and the proximate cause of the Plaintiff suffering serious injury.

52. As a result of the Defendant's negligent acts, Plaintiff was hit by the door and he injured his right shoulder, his back, his right arm, and his neck.

53. That Plaintiff John Dixon relied to his detriment that the Defendant's agent, servant, employee and assign's assurances that despite the door being broken Plaintiff could deliver the goods without any threat of harm or injury. Plaintiff relied on Defendant's assurances and Plaintiff had no reason to assume any risk of injury nor did the Plaintiff contribute to the door falling, malfunctioning; and the Plaintiff did not in any way contribute to his own injuries. Plaintiff was not in any way negligent.

54. That as a result thereof, the Plaintiff was caused to be seriously, painfully, and Permanently injured in and about his right shoulder, his right arm his back, and his neck. Plaintiff has suffered serious and painful injuries to his body and nervous system.

55. That as a result of the Defendant's negligent act of allowing the door to fall on the Plaintiff, the Plaintiff was caused to undergo extensive medical treatment, surgery as well as medical care for the said injuries. Plaintiff will and in the future be required to receive considerable future medical care and treatment.

56. That as a result of the doors failure and falling on the Plaintiff, the Plaintiff was otherwise injured and damaged which caused the Plaintiff great pain, suffering and damages.

57. Plaintiff further alleges that all of his injuries damages and losses, past, present and Prospective were caused solely by the negligence of the Defendant without any negligence of the Defendant without any negligence or want of due care on the part of the plaintiff directly or indirectly contributing thereto.

58. That the Defendant had or should have had notice of the dangerous condition.

59. Plaintiff at the time of the occurrence was working in the course of his employment for the B & H Trucking company and as a result of the injuries described herein, the Plaintiff filed a Maryland Workers' Compensation Claim and was paid certain monies pursuant to said claim.

60. That the Plaintiff's employer was insured by Vanliner Insurance Company and therefore joins in this case as a Use-Plaintiff, pursuant to Labor and Employment Article 9-902 of the Annotated Code of Maryland, to enforce its subrogation rights.

WHEREFORE, this suit is brought against the Defendant and this Plaintiff John Dixon, Individually and t/u/o Vanliner Insurance Company claims damages in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) from the Defendant Safeway, Inc.

_____
Phillip C. Levin, Esq.
The Law Office of Phillip Corey Levin, P.A.
1111 Park Avenue, Suite L-150
Baltimore, Maryland 21201
410.523.0991
Attorneys for the Plaintiff

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

CASE NUMBER:

JOHN DIXON
7909 Crisford Place
Apt. G
Pikesville, Maryland 21208

And

JOHN DIXON To The Use Of
B& H Trucking
1000 Old Philadelphia Road
Aberdeen, Maryland 21001

And

JOHN DIXON To The Use Of
VANLINER INSURANCE CO.
9115 Guilford Road, Suite 200
Columbia, Maryland 21046
PLAINTIFFS

VS.

SAFEWAY, INC.
Fourth and Jackson Streets
Oakland, CA 94660
Serve On: Resident Agent
The United States Corporation Company
7 St. Paul Street, Suite 1660
Baltimore, Maryland 21202
DEFENDANT

## ELECTION OF JURY TRIAL

John Dixon, Individually and to the use of B & H Trucking and to the use of Vanliner Insurance Company, Plaintiffs by and through their attorneys Phillip C. Levin, Esq. and the Law Office of Phillip Corey Levin, P.A. hereby elect and request a trial by jury in this matter.

Phillip C. Levin, Esq.
The Law Office of Phillip Corey Levin, P.A.
1111 Park Avenue, Suite L-150
Baltimore, Maryland 21201
410.523.0991
Attorneys for the Plaintiff